# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JUDITH YIGAL, )
*Biological Mother,* )
*On behalf of minor R.Y.*, and )
OMRI YIGAL, )
*Biological Father,* )
*and on behalf of R.Y. Our Biological* )
*Daughter; and our Filipino Family*, )
)
         Plaintiffs, )
)
v. )    CV421-079
)
THOMAS L. COLE, *et al.*, )
)
)
         Defendants. )

## ORDER AND REPORT AND RECOMMENDATION

Plaintiffs, appearing *pro se*, filed a complaint in the United States District Court for the Western District of Washington alleging violations of various civil rights related to the removal of their daughter by Chatham County authorities. Doc. 1; doc. 4. It was transferred to this Court. Doc. 13. Before the Court are plaintiffs' motions for leave to proceed *in forma pauperis* (IFP), motion for change of venue, and motion

for electronic filing authorization.[1] Doc. 5; doc. 16; doc. 17; doc. 18. For the following reasons, the Court **RECOMMENDS** that the motion to proceed IFP be **DENIED.** Doc. 5. The motions for change of venue and electronic filing access are also **DENIED**. Doc. 16; doc. 17; doc. 18.

The filing fee is a joint responsibility of all plaintiffs. It cannot be waived piecemeal, with one litigant excused from the obligation, and the burden remaining for the other. Only Judith Yigal has moved to proceed IFP in this case. As each plaintiff is proceeding *pro se*, Judith Yigal does not have the legal authority to represent Omri Yigal's interest or to request IFP status on his behalf. *See FuQua v. Massey*, 615 F. App'x 611 (11th Cir. 2015) (right of parties to appear *pro se* is limited to parties conducting their own cases and does not extend to non-attorney parties representing the interests of others). Regardless of her legal capacity, Omri Yigal is not mentioned in her IFP motion. *See generally* doc. 5. Since, as discussed below, Judith Yigal's motion establishes that she, and by extension her husband, are not indigent. *Cf., e.g., Bloch v. Regions*

---

[1] Also pending before the Court are motions to strike certain filings, doc. 11, and a motion to amend the complaint to add a defendant, doc. 12. As these motions to not impact plaintiffs' ability to resolve the deficiencies in their filing, they will be resolved following either the remittance or waiver of the filing fee.

*Bank*, 2012 WL 2793189, at * 1–2 (M.D. Fla. April 23, 2020) (considering married couple's joint disclosure of financial information to evaluate indigency). Any request by Omri Yigal to proceed IFP would, therefore, be moot.

The motion to proceed IFP submitted on behalf of Judith Yigal does not establish her inability to pay the filing fee. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible to do so without undue hardship. *Thomas v. Sec. of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31

(1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Plaintiff's claimed expenses exceed her monthly income; however, given that she has disclosed currently holding $4,000 in bank accounts, she is not incapable of paying the required filing fee. Doc. 5 at 2. Accordingly, her application to proceed *in forma pauperis* should be **DENIED**. Doc. 5.

Plaintiffs' motion for this case to be transferred to a regional court in the Philippines is **DENIED**. Doc. 16. There is no mechanism for this Court to "transfer" a case to a court outside of the jurisdiction of the United States. The judicial systems of different countries are distinct entities and their respective structures, practices, and policies are often incompatible with one another. This Court does not possess the authority to compel a foreign court to accept a case or the ability to coordinate such

transfer. If plaintiffs wish their claims to be heard by a Philippine court, they should move to voluntarily dismiss this case and refile it in the appropriate Philippine court.

Even if transfer of this case to a Philippine court were possible, it would be inappropriate. Plaintiffs assert that the Southern District of Georgia is not an appropriate venue because they do not reside in the district.[2] Doc. 16 at 1. Federal district courts can transfer a case to another federal district court to correct defects in venue. 28 U.S.C. § 1406(a). Venue is appropriate where "a substantial part of the events or omissions giving rise to the claim occurred" or where any defendant resides. 28 U.S.C. § 1391(b). Plaintiffs' place of residence is irrelevant for purposes of determining venue. As most, if not all of the named defendants reside in Chatham County, Georgia, which also appears to also be the location of the events underlying this claim, the Southern District of Georgia is the appropriate venue for this case. 28 U.S.C. § 90(c) (defining the Southern District of Georgia). Plaintiffs should be familiar with this explanation, as it is substantially identical to the

---

[2] The Court notes that no plaintiff is located in the Western District of Washington, where this case was originally filed.

explanation provided in the recommendation of transfer from the Western District of Washington. *See* doc. 10 at 2–3, *adopted* doc. 13.

Plaintiffs also allege that transfer to another venue is necessary because they believe that public opinion will prevent an impartial and fair trial. Doc. 16 at 3–4. The only support offered by plaintiffs in support of this position are two criminal cases and the Alabama Rules of Criminal Procedure. *Id.* at 3. These sources are largely irrelevant in the context of this civil case. Further, unlike the cases cited in which pre-trial publicity created a pervasive public awareness of the case, there is no reason to believe that potential jurors would have any knowledge of this matter or reason to form an opinion prior to trial. *See Irvin v. Dowd*, 366 U.S. 717, 727–28 (1961) (finding that constitutional standards were not met where eight out of twelve jurors had a predetermined opinion of defendant's guilt before trial); *Coleman v. Kemp*, 778 F.2d 1487, 1491–1537 (11th Cir. 1985) (discussing the overwhelming degree of media coverage and public comments prior to trail, much of which carried a suggestion of the defendant's guilt). As venue is appropriate in the Southern District of Georgia and plaintiffs have not offered any

compelling justification for transfer, the motion to transfer venue is **DENIED**. Doc. 16.

Plaintiffs motion for authorization to file electronically is **DENIED.** Doc. 17; doc. 18. Authorization for use the Court's Case Management and Electronic Case Filing (CM/ECF) system by a *pro se* plaintiff is sparingly granted. *See, e.g., Blochowicz v. Wilkie*, 2020 WL 5028224, at * 1 (S.D. Ga. Aug. 25, 2020) (Hall, C.J.) ("It is the Southern District of Georgia's policy not to allow *pro se* litigants to utilize electronic filing." (internal quotation marks and citation omitted)). Plaintiffs have offered no reason why it should be permitted in this case. They, therefore, may prosecute their lawsuit via post and by accessing public filings through PACER. *See* www.pacer.gov (Public Access to Court Electronic Records).

In summary, the Court recommends that plaintiff Judith Yigal's motion for leave to proceed *in forma pauperis* be **DENIED**. Doc. 5. The motions for transfer of venue and electronic filing access are **DENIED**. Doc. 16; doc. 17; doc. 18. This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 30 days of service, any party may file written objections to the R&R with the Court and serve a copy on all

parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge. The Clerk of Court is **DIRECTED** to include with this Order and Report and Recommendation two copies of the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (AO 239). Any objection should include a complete application for each plaintiff.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 20th day of May, 2021.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA