UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JUDITH YIGAL and OMRI YIGAL, )
                              )
          Plaintiffs,         )
                              )
v.                            )    CV421-079
                              )
THOMAS L. COLE,               )
JULIA A BUTLER,               )
ANDRAYA A. MIMMS,             )
LEO G. BECKMANN, JR.,         )
WENDY M. FUREY,               )
NICOLE HENRY,                 )
CYRUS HANSBERRY,              )
ERICA FATH,                   )
PEGGY EDWARDS,                )
KATHERINE DAVIS,              )
KATHLEEN DAVIS,               )
STEPHANIE BABCOCK-WRIGHT,     )
DIETTE BARNWELL,              )
NANCY OGLETREE,               )
CHRISTINE SCHNIEDER,          )
ARCHANA BROJMUHUN,            )
JAMES MCGRATH,                )
CHARLOTTE FLEMING, and        )
JERALD GOTTLIEB,              )
                              )
          Defendants.         )

## **ORDER**

The Court entered a Report and Recommendation recommending that plaintiffs' motion to proceed *in forma pauperis* (IFP) be denied. Doc.

19. Plaintiffs have filed an untimely objection to the Report and Recommendation and supplemental motions for leave to proceed IFP, which attempt to resolve the Court's concerns. Doc. 21 (Objection); docs. 22 & 23 (IFP Motions). For the following reasons, the Court **VACATES** its Report and Recommendation of May 20, 2021, doc. 19, and **GRANTS** the motions to proceed IFP, doc. 22; doc. 23. Plaintiffs' proposed Amended Complaint is **ADOPTED**, doc. 4; however, as the Complaint is a shotgun pleading, plaintiffs are **DIRECTED** to file an Amended Complaint by August 2, 2021. The Court also **DENIES** plaintiffs' motion to strike their prior filings, doc. 11, and **TERMINATES as moot** their motion to add a defendant, doc. 12.

Plaintiffs initially filed a motion to proceed IFP only on behalf of Judith Yigal. *See* doc. 5. The Court recommended that the motion be denied as it did not represent all plaintiffs and the Court understood it to suggest that the plaintiffs were able to pay the filing fee. Doc. 19; *see also* doc. 5 at 2. Plaintiffs filed an objection, in which they asserted that Judith Yigal's current liquid assets are only $50 held in a savings account. Doc. 21. They also filed two new motions to proceed IFP—one for each plaintiff. Docs. 22 & 23.

Upon further review of the February 2021 motion, the Court understands that the amounts provided for plaintiffs' liquid assets and certain monthly expenses were provided in Philippine Pesos, rather than U.S. dollars. *See* doc. 5 at 2. The inconsistent use of the two currencies resulted in the conclusion that plaintiffs held more than $4,000 in assets, though the actual amount is equivalent to less than $100. *See* Development Bank of the Philippines, Foreign Exchange Rates, https://www.dbp.ph/foreign-exchange-rates/ (an exchange rate of $1 to ₱48.3) (last visited Jun. 30, 2021). As it appears that the plaintiffs lack sufficient resources to prepay the filing fee, the motions for leave to proceed *in forma pauperis* are **GRANTED**.[1] Doc. 22; doc. 23.

As plaintiffs have been granted IFP status, the Court must screen the pleadings pursuant to 28 U.S.C. §1915(e).[2] Screening is not currently possible because the Complaint and Amended Complaint amount to what is often referred to as a "shotgun pleading." The Eleventh Circuit has

---

[1] Plaintiffs' prior motion to proceed IFP is **TERMINATED as moot**. Doc. 5

[2] The Court cautions Plaintiff that granting leave to proceed IFP in no way bears on the merits of his case. The right to proceed IFP in the federal district courts is governed by 28 U.S.C. §1915, which authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 & n. 9 (11th Cir. 2015). (collecting cases). The crux of the Court's admonishment of shotgun pleadings is that they fail to adhere to pleading requirements designed to ensure that a defending party is provided enough clarity to adequately respond. *Cf.* Fed. R. Civ. P. 8–11 (rules for civil pleadings before the Federal Courts). They typically present in four varieties:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a pleading that does not separate into a different count each cause of action or claim for relief; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim.

*Adams v. Huntsville Hosp.*, 819 Fed. App'x. 836, 838 (11th Cir. 2020) (citing *Weiland*, 792 F.3d at 1321–23). Plaintiffs Complaint and Amended Complaint fall into each of these categories.

It is difficult, if not impossible, to discern what causes of action are asserted in the pleadings and against whom. Though plaintiffs ostensibly bring this claim under 42 U.S.C. § 1983 and make generalized references to several constitutional amendments and undefined rights in support of

the Court's jurisdiction, the substance of their Amended Complaint alleges violations of criminal statutes, including 18 U.S.C. §§ 242, 247, 249, 1001. *See*, *generally*, doc. 4 at 5–73. These criminal statutes cannot provide the basis for this civil action and plaintiffs cannot use this case as an avenue to seek criminal prosecution of defendants. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987); *Weaver v. Mateer and Harbert, P.A.*, 523 Fed. App'x 565, 568 (11th Cir. 2013) ("[W]e have explicitly rejected a private citizen's interest in the prosecution of another."). To the extent that any of the referenced Constitutional provision might provide a valid cause of action, they are not independently articulated or explained and are constructed almost entirely from conclusory allegations of bigotry and corruption.

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320)). Before doing so, plaintiffs are entitled to a single opportunity to amend their pleadings in order to better present their

claims. *See id.* at 1296. Therefore, plaintiffs are **DIRECTED** to file an Amended Complaint by August 2, 2021. The Amended Complaint must comply with the requirements of Federal Rules of Civil Procedure 8–11.[3] The pleadings must specifically identify each claim asserted, the facts supporting each specific claim, and the defendants against whom those particular claims are asserted. The pleadings must also include a statement of the basis for the Court's jurisdiction, a recitation of all material facts, and a prayer for monetary, declaratory, or injunctive relief.[4] The Amended Complaint will supersede the current Complaint and Amended Complaint and should reassert all claims against all named defendants. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes and original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*

---

[3] A copy of the Federal Rules of Civil Procedure is available on the federal judiciary website at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

[4] Plaintiffs are reminded that Federal Rule of Civil Procedure 11 imposes obligations of truthfulness and to refrain from harassing conduct. Fed. R. Civ. P. 11. Parties should avoid unnecessarily denigrating or potentially defamatory language in referring to opposing parties. *See*, *e.g.*, doc. 4 at 17–18 (comparing a psychologist to the participants in the Milgram Experiments and the Nazi Gestapo). Such characterizations, especially when unsubstantiated, are unnecessary to present a parties' position.

*of U.S. & Canada*, 647 F. 2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). If the amendment corrects the defects identified above, Court will screen the Amended Complaint pursuant to 28 U.S.C. §1915(e).

Plaintiffs have also filed a motion to strike all amended complaints. Doc. 11. "The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The motion asserts that several previous filings were incorrectly docketed as amendments to the Complaint: Declaration of a Material Fact, doc. 7; Declaration of Stockholm Syndrome, doc. 9; and Declaration of Family Violence, Anti-Semitism and Filial Cannibalism. Doc. 11. The docket does not include a Declaration of Family Violence, Anti-Semitism, and Filial Cannibalism. The other identified filings—Declaration of a Material Fact and Declaration of Stockholm Syndrome—are currently docketed as declarations, not amended complaints.[5] Doc. 7;

---

[5] These filings resemble amended complaints in that they use the Court's standard form for non-prisoner civil rights complaints and include enumerated causes of action. *See* doc. 7; doc. 9.

doc. 9. Plaintiffs' motion does not suggest that the filings are "redundant, immaterial, impertinent, or scandalous matter," only that they were incorrectly docketed. Doc. 11. As such, the motion is to strike is **DENIED**. *Id*.

The only filing currently docketed as a proposed Amended Complaint is plaintiffs' filing of February 8, 2021, which is captioned "Complaint for Violation of Civil Rights." Doc. 4. The Federal Rules of Civil Procedure allow plaintiffs to amend their Complaint once as a matter of course. Fed. R. Civ. P. 15(a). Plaintiffs' motion to strike states that "only the complaint entitled 'Complaint for Violation of Civil Rights' stands as the original and only petition." *See* doc. 11. Therefore, the proposed Amended Complaint is **ADOPTED** by the Court as an Amended Complaint. Doc. 4.

Plaintiffs have filed a motion seeking to add Renee Moore as a defendant. Doc. 12. A defendant may be joined to a pending case where: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R.

Civ. P. 20(a)(2).  It is not clear from the motion if plaintiff is alleging a claim against Moore or simply seeks to add her in order to gain access to her emails for discovery purposes.  *See* doc. 12 ("[H]er inclusion as a Defendant is necessary because her emails to the Plaintiff [are] evidence the Plaintiffs reached out to her and the Office of the Child Advocate."). As plaintiffs have been afforded an opportunity to amend their Complaint and to assert any claims they believe might exist, it is ultimately unnecessary for the Court to parse the motions reasoning.  The motion is **TERMINATED as moot**.  Doc. 12.

In summary, the previous Report and Recommendation is **VACATED**.  Doc. 19.  The original IFP motion is **TERMINATED as moot**.  Doc. 5.  The renewed IFP motions are **GRANTED**.  Docs. 22 & 23.  The Motion to Strike is **DENIED**.  Doc. 11.  Plaintiffs are **DIRECTED** to submit a Second Amended Complaint no later than August 2, 2021.  Since that Second Amended Complaint will supersede

all prior pleadings, the Motion to Add Defendant is **TERMINATED as moot**. Doc. 12.

**SO ORDERED**, this 2nd day of July, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA